OPINION
{¶ 1} Levester Cargle appeals from his conviction and sentence in the Montgomery County Common Pleas Court on one count of aggravated burglary, one count of aggravated robbery, and two counts of felonious assault.
 {¶ 2} The record reflects that Cargle entered guilty pleas to the foregoing charges in exchange for the State's dismissal of two other charges and its recommendation of a maximum aggregate sentence of 15 years in prison. After conducting a plea hearing and accepting Cargle's guilty pleas, the trial court imposed an aggregate sentence of only 12 years in prison.
 {¶ 3} In his sole assignment of error, Cargle contends the trial court erred in accepting his guilty pleas because they were not knowingly and voluntarily made. His only argument in support is that the trial court once misidentified aggravated robbery as a third-degree felony during the plea hearing. According to Cargle, this misstatement violated Crim.R. 11(C)(2)(a) and his due process rights under the Ohio and United States Constitutions.
 {¶ 4} Upon review, we find no merit in Cargle's argument. Under Crim.R. 11(C)(2)(a), a trial court must determine that a defendant is making a plea "voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that he is not eligible for probation[.]" As an initial matter, we have held that this rule does not even require a trial court to ascertain that a defendant understands the felony-level classification of an offense, as opposed to the potential punishment. State v. Jones (April 30, 1999), Montgomery App. No. 98-CA-42. In any event, the trial court correctly informed Cargle several times that aggravated robbery was a first-degree felony. (Plea hearing transcript at 2, 7, 8, 17). The trial court also correctly informed Cargle about the possible penalty he faced for an aggravated robbery conviction. (Id. at 7). In addition, Cargle signed two plea forms that correctly identified the felony level of his offenses and the potential maximum penalties involved. (Doc. #22, 23).
 {¶ 5} In light of the foregoing facts, we have no difficulty concluding that the trial court substantially complied with Crim.R. 11(C)(2)(a), despite its one misstatement, and we find no violation of Cargle's due process rights. State v. Padgett (Feb. 19, 1999), Montgomery App. No. 17033 (recognizing that "[i]f the record from below shows substantial compliance with the dictates of Crim.R. 11, the constitutional protections against involuntary pleas have been satisfied, and a reviewing court should affirm"). Accordingly, we overrule Cargle's assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
FAIN, P.J,. and GRADY, J., concur.